**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISER, | No. C05-02310 MJJ |
| Plaintiff, | **ORDER DENYING COSTS** |
| v. | |
| LAKE COUNTY SUPERIOR COURT ET AL, | |
| Defendant. | |

Before the Court is Defendant County of Lake's Bill Of Costs (Docket No. 158), to which Plaintiff submitted and served objections on February 20, 2008. Defendant seeks $2557.10 in costs.

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs." Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). The losing party bears the burden of making a showing that an award would be inequitable under the circumstances. *See National Information Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled in part on other grounds*, 231 F.3d 572 (9th Cir. 2000).

In its discretion, the Court declines to award costs in this matter in light of Plaintiff's indigence.[1] "Indigency is a factor that the district court may properly consider in deciding whether to award costs."

---

[1] Under Federal Rule of Civil procedure 54(d), the Court may take action on a bill of costs prior to action by the clerk. *See BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 418-19 (6th Cir. 2005) ("the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk").

*Stanley v. University of Southern California*, 178 F.3d 169, 1079 (9th Cir. 1999). Plaintiff, who proceeded *pro se* in this matter, previously filed and substantiated an application for leave to proceed *in forma pauperis*, which this Court granted on June 7, 2005. (Docket No. 4.) There is a significant economic disparity between Plaintiff and the government entity, the County of Lake, seeking to recover costs in this action. Considering the totality of the circumstances, the Court regards it as inequitable to impose Defendant's requested cost bill on Plaintiff. Accordingly, the Court declines to award costs in this matter.

**IT IS SO ORDERED.**

Dated: April 1, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2